HERBERT D. BORET et al., Copartners, under the Firm
Name of H. D. BORET, Respondents, *v.* L. VOGELSTEIN
& Co., INC., Appellant.

*Contract — agreement for purchase and shipment of copper for a term of
years, price to be based on average market price for seven days preceding
and following arrival — effect of price fixing by government during war.*

*Boret* v. *Vogelstein & Co., Inc.*, 188 App. Div. 605, affirmed.

(Argued December 1, 1920; decided December 31, 1920.)

APPEAL from a judgment of the Appellate Division of
the Supreme Court in the first judicial department,
entered July 19, 1919, in favor of plaintiffs upon the
submission of a controversy under section 1279 of the
Code of Civil Procedure. Plaintiff and the firm of L.
Vogelstein & Co., whose obligations defendant had assumed
in March, 1916, entered into two contracts by the first
of which defendant agreed to purchase certain copper
from the plaintiff and by the second provision was made
for shipment thereof from Sourh America to a port in
New Jersey. The first contract contained the following
provision: " Basis of price: Copper by wet assay less 1.3
units to be paid for at the average price of electrolytic
wirebars as published in the Engineering & Mining
Journal of New York, taking the average of the seven
quotations preceding and seven quotations following the
date of the arrival of the material in Chrome (15 quota-
tions in all). * * * From the average price contained
in the above 15 quotations shall be deducted 1.85 cents
per pound as treatment charge both for ore and matte."
The contract was for eight years commencing January 1,
1918. War was declared between the United States and
Germany on April 6, 1917, and on September 21, 1917,
the president and government of the United States fixed
the sum of twenty-three and one-half cents per pound as
the price at which refined copper could be bought and
sold in the United States, which was less than the current
market price at the time, and after that date the Engineer-
ing and Mining Journal of New York published daily the
price thus fixed by the government of the United States.

The question was whether, under the circumstances, the contracts were valid and enforcible. The Appellate Division held that in so far as the contract was executed by the plaintiffs the defendant was bound on his part to pay.

*Alfred G. Reeves* and *Ambrose G. Todd* for appellant.

*Hiram R. Steele* and *George E. Miner* for respondents.

Judgment affirmed, with costs; no opinion.

Concur: HOGAN, CARDOZO, MCLAUGHLIN, CRANE and ANDREWS, JJ. Dissenting: POUND, J. Not voting: HISCOCK, Ch. J.